IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MARJORIE BLOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02C50029 |
| vs. | ) | Case No._____ |
| | ) | |
| MTP, INCORPORATED, d/b/a PAPA JOHN'S | ) | JURY DEMAND |
| PIZZA; PAPA JOHN'S INTERNATIONAL, INC.; | ) | |
| and KEVIN CAMPBELL | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, MARJORIE BLOOD, by her Attorneys, Reno, Zahm, Folgate, Lindberg & Powell, complains of the Defendants, MTP, INCORPORATED, d/b/a PAPA JOHN'S PIZZA; PAPA JOHN'S INTERNATIONAL, INC.; and KEVIN CAMPBELL as follows:

### FACTS COMMON TO ALL COUNTS

1. At all material times hereto, Plaintiff, MARJORIE BLOOD, was an adult female resident of the County of Rock, State of Wisconsin.

2. At all material times hereto, Defendant, MTP, INCORPORATED ("MTP") was an Illinois corporation with its principle office located in the County of Winnebago, State of Illinois.

3. At all material times hereto MTP operated a Papa John's Pizza restaurant in South Beloit, Illinois.

4. At all material times hereto, PAPA JOHN'S INTERNATIONAL, INC. ("Papa John's") was a Kentucky corporation.

1

5. Upon information and belief, at all material times hereto, Defendant, KEVIN CAMPBELL ("Campbell") was an adult male resident of the County of Rock, State of Wisconsin.

6. At all material times hereto, MTP and Papa John's were employers as defined by 42 U.S.C.§ 2000(e)(b).

7. Upon information and belief, at all material times hereto, Campbell was an employee of MTP and Papa John's.

8. Campbell was a General Manager in training at MTP's South Beloit Papa John's.

9. At all material times hereto, the General Manager of the South Beloit Papa John's was Donna Peterson.

10. Upon information and belief, on or about February 25, 2001, Marjorie Blood was hired by MTP and Papa John's to fill the position of group sales and events coordinator at the South Beloit Papa John's.

11. At all material times hereto, Marjorie Blood reported directly to the General Manager on duty at the South Beloit Papa John's.

12. At all material times hereto, the Area Supervisor for the South Beloit Papa John's was Jeff Srnec.

13. From February 25, 20001 through June 8, 2001, Marjorie Blood was subjected to a hostile work environment consisting of repeated and extreme sexual harassment by Campbell, including unwanted physical touching, sexually explicit language and threats, and sexual advances.

14. Upon information and belief, a co-worker, Crystal Blazer, was the first to advise management of the conduct of Campbell.

15. Thereafter, Marjorie Blood had a meeting with Donna Peterson and Jeff Srnec concerning the actions of Campbell.

16. Upon information and belief, Campbell was informed by management of Marjorie Blood's complaint concerning Campbell's behavior.

17. Thereafter, the harassment of Marjorie Blood by Campbell intensified and included unwanted physical touching, sexually explicit language and threats, and sexual advances.

18. After the harassment intensified, Marjorie Blood had further discussions with Jeff Srnec concerning the actions of Campbell and repeatedly requested that Jeff Srnec take action to stop the harassment by Campbell.

19. Jeff Srnec and Tom Baudhuin terminated Marjorie Blood on June 8, 2001, and Campbell was promoted to General Manager of the Janesville Papa John's.

20. Thereafter, Marjorie Blood timely filed a Charge of Employment Discrimination against MTP, Papa John's and Campbell with the District Office of the Equal Employment Opportunity Commission and the Illinois Department of Human Rights. A copy of Marjorie Blood's Charge of Employment Discrimination is attached hereto and marked as Exhibit "A."

21. Marjorie Blood received a "Notice of Right to Sue" relating to the previously filed Charge from the District Office of the Equal Employment Opportunity Commission on or after November 1, 2001, entitling her to institute a civil action with respect to the above-referenced conduct within 90 days of receipt of said Notice. A copy of said Notice is attached hereto and marked as Exhibit "B."

22. The claims in Counts I, II, and III arise under 42 U.S.C. § 2000(e), et. seq., as amended by the Civil Rights Act of 1991, and the claims in Counts IV, V, VI, VII, VIII, and IX arise

3

under Illinois state law. Federal question jurisdiction, 28 U.S.C. § 1331, exists as to Counts I, II, and III, and supplemental jurisdiction, 28 U.S.C. § 1367, exists as to Counts IV, V, VI, VII, VIII, and IX. This cause may be brought in this judicial district pursuant to 28 U.S.C. § 1391(b), as the alleged violations of Marjorie Blood's federal rights occurred in the Northern District of Illinois Western Division.

### Count I - Sex Discrimination
### Papa John's and MTP

1.-22.  Marjorie Blood repeats and realleges Paragraphs 1 through 22 of the Facts Common to All Counts as Paragraphs 1 through 22 of Count I of Plaintiff's Complaint.

23. At all times material hereto, Marjorie Blood was, and remains, qualified to perform her job with MTP and Papa John's, and performed the duties thereof in a manner consistent with their standards.

24. MTP and Papa John's, treated Marjorie Blood differently because of her sex, female.

25. Specifically, from the inception of her employment, Marjorie Blood was continuously discriminated against with respect to the terms, conditions and privileges of her employment, due to her sex, female in that she was subjected to unwanted physical touching, sexually explicit language and threats, and sexual advances.

26. Marjorie Blood reported the above conduct to management and was subsequently terminated.

27. Because of Defendants' actions, Marjorie Blood suffered a materially adverse change in the terms, conditions and privileges of her employment while Campbell received a promotion.

4

28. Marjorie Blood's status as a female was a motivating factor in the discrimination she endured and was a motivating factor in her discharge.

29. The conduct of MTP and Papa John's, by and through its agents, servants, and employees, with respect to Marjorie Blood, including but not limited to her discharge constitutes a willful violation of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000(e) et seq., as the employment decisions concerning Marjorie Blood were based upon Marjorie Blood's sex.

30. As a proximate result of the conduct, Marjorie Blood sustained damages, including but not limited to, mental and emotional distress, pain and suffering, humiliation and loss of wages (past and future).

WHEREFORE, Plaintiff, MARJORIE BLOOD, seeks compensatory and economic damages, damages for emotional pain and suffering, attorney's fees pursuant to 42 U.S.C.§2000(e) et seq., cost of suit, punitive damages, and all other proper damages against MTP and Papa John's, in a sum far in excess of $75,000, together with such other relief as this court deems just and proper.

### Count II - Sexual Harassment
### Papa John's and MTP

1.-22. Marjorie Blood repeats and realleges Paragraphs 1 through 22 of the Facts Common to All Counts as Paragraphs 1 through 22 of Count II of Plaintiff's Complaint.

23. Throughout her employment, Marjorie Blood was subjected to a hostile work environment, including, but not limited to, unwanted physical touching, sexual advances, sexually explicit language and threats from Campbell. Examples include the following: (a) Campbell did not allow Marjorie Blood out of a freezer for approximately 20 minutes while he pleaded with her to

5

have a relationship with him and initiated physical contact with her; (b) Campbell pinned Marjorie Blood against the corner of her desk so she was unable to move; and (c) Campbell threatened to co-workers that he would follow Marjorie Blood home, break into her home, and "hit it" with her (referring to sexual intercourse).

24. Marjorie Blood complained to management about the above harassment she endured and continued to endure.

25. On June 8, 2001, Marjorie Blood's employment was terminated.

26. One or more of the foregoing actions constitute sexual harassment in violation of 42 U.S.C.§2000(e) et seq.

27. The conduct of Campbell, MTP and Papa John's, was intentional and with deliberate indifference to the rights of Marjorie Blood, and altered Marjorie Blood's working conditions.

28. As a proximate result of the conduct, Marjorie Blood sustained damages, including, but not limited to, mental and emotional distress, pain and suffering, humiliation and loss of wages (past and future).

WHEREFORE, Plaintiff, MARJORIE BLOOD, seeks compensatory and economic damages, damages for emotional pain and suffering, attorney's fees pursuant to 42 U.S.C.§2000(e) et seq., cost of suit, punitive damages, and all other proper damages against MTP and Papa John's, in a sum far in excess of $75,000, together with such other relief as this court deems just and proper.

## Count III - Retaliation
## Papa John's and MTP

1. - 22. Marjorie Blood repeats and realleges Paragraphs 1 through 22 of the Facts Common to All Counts as Paragraphs 1 through 22 of Count III of Plaintiff's Complaint.

23. Throughout her employment, Marjorie Blood was subjected to a hostile work environment, including, but not limited to, unwanted physical contact, sexual advances, sexually explicit and abusive language and threats from Campbell.

24. Marjorie Blood reported to management the above harassment she endured and continued to endure.

25. After reporting Campbell's conduct, Marjorie Blood was retaliated against when her employment was terminated. Despite knowledge of Campbell's actions, Campbell was promoted to General Manager of the Janesville Papa John's.

26. The conduct of Campbell, MTP and Papa John's was intentional and with deliberate indifference to the rights of Marjorie Blood and constitutes a willful violation of the Civil Rights Act of 164, as amended, 42 U.S.C.§2000(e) et seq.

27. As a proximate result of this conduct, Marjorie Blood sustained damages, including, but not limited to, mental and emotional distress, pain and suffering, humiliation, and loss of wages (past and future).

WHEREFORE, Plaintiff, MARJORIE BLOOD, seeks compensatory and economic damages, damages for emotional pain and suffering, attorney's fees pursuant to 42 U.S.C.§2000(e) et seq., cost of suit, punitive damages, and all other proper damages against MTP and Papa John's, in a sum far in excess of $75,000, together with such other relief as this court deems just and proper.

## Count IV - Assault and Battery
## Papa John's and MTP

1. - 19.  Marjorie Blood repeats and realleges Paragraphs 1 through 19 of the Facts Common to All Counts as Paragraphs 1 through 19 of Count IV of Plaintiff's Complaint.

20.  During the course of Marjorie Blood's employment at MTP, Campbell assaulted and battered Marjorie Blood in the following manner: (a) on or about March 14, 2001, Campbell did not allow Marjorie Blood to leave a walk-in freezer at the South Beloit Papa John's, he initiated physical contact with Marjorie Blood, and only let her leave when a co-worker opened the door; (b) Campbell pinned Marjorie Blood against the corner of her desk so that she was unable to move; and (c) Campbell threatened to co-workers that he would follow Marjorie Blood home, break into her home, and "hit it" with her (referring to sexual intercourse).

21.  MTP and Papa John's, through their employee and agent, Campbell, who was acting within his authority, was guilty of assault and battery in one or more of the following respects: (a) intentionally and offensively initiating physical contact and prohibiting Marjorie Blood from leaving the freezer; (b) intentionally and offensively pinning Marjorie Blood at her desk so that she could not move; and (c) intentionally and offensively threatening to co-workers that he would follow Marjorie Blood home, break into her home, and "hit it" with her (referring to sexual intercourse).

22.  As a proximate result of the conduct, Marjorie Blood suffered physical, mental and emotional injury, including mental anguish and humiliation.

23.  The foregoing conduct was intentional and with utter disregard for Marjorie Blood's rights, health and well being that reaches the level of oppression, coercion and intimidation above

8

and contrary to the dictates of common decency, and therefore, the actions demonstrate malice and permit and entitle Marjorie Blood to punitive damages.

WHEREFORE, Plaintiff, MARJORIE BLOOD, prays that the court enter judgment in favor of Marjorie Blood and against MTP and Papa John's in an amount far in excess of $75,000 plus cost of suit, together with such other and further relief as this Court deems just and proper.

### Count V - Assault and Battery
### Campbell

1. - 20. Marjorie Blood repeats and realleges Paragraphs 1 through 20 of Count IV as Paragraphs 1 through 20 of Count V of Plaintiff's Complaint.

21. Campbell was guilty of assault and battery in one or more of the following respects: (a) intentionally and offensively initiating physical contact and prohibiting Marjorie Blood from leaving the freezer; (b) intentionally and offensively pinning Marjorie Blood at her desk so that she could not move; and (c) intentionally and offensively threatening to follow Marjorie Blood home and "hit it" with her (referring to sexual intercourse).

22. As a proximate result of the conduct, Marjorie Blood suffered physical, mental and emotional injury, including mental anguish and humiliation.

23. The foregoing conduct was intentional and with utter disregard for Marjorie Blood's rights, health and well being that reaches the level of oppression, coercion and intimidation above and contrary to the dictates of common decency, and therefore, the actions demonstrate malice and permit and entitle Marjorie Blood to punitive damages.

WHEREFORE, Plaintiff, MARJORIE BLOOD, prays that the court enter judgment in favor of Marjorie Blood and against Campbell, individually, in an amount far in excess of $75,000 plus cost of suit, together with such other and further relief as this Court deems just and proper.

### Count VI - False Imprisonment
### Papa John's and MTP

1. - 19. Marjorie Blood repeats and realleges Paragraphs 1 through 19 of the Facts Common to All Counts as Paragraphs 1 through 19 of Count VI of Plaintiff's Complaint.

20. On or about March 14, 2001, Campbell physically prevented Marjorie Blood from leaving a walk-in freezer for approximately 20 minutes while he pleaded with her to have a relationship with him and initiated physical contact with her.

21. MTP and Papa John's were then and there guilty of false imprisonment in that its employee and agent, Campbell, who was acting within his authority, unlawfully restrained and detained the movements of freedom of Marjorie Blood against her will.

22. As a proximate result of the conduct, Marjorie Blood suffered physical, mental and emotional injury, including fear for her life, mental anguish, and humiliation.

23. The foregoing conduct was intentional and with utter disregard for Marjorie Blood's rights, health and well being that reaches a level of oppression, coercion and intimidation above and contrary to the dictates of common decency, and therefore the actions demonstrate malice and permit and entitle Marjorie Blood to punitive damages.

WHEREFORE, Plaintiff, MARJORIE BLOOD, prays that the court enter judgment in favor of Marjorie Blood and against MTP and Papa John's, in an amount far in excess of $75,000 plus cost of suit, together with such other and further relief as this Court deems just and proper.

### Count VII - False Imprisonment
### Campbell

1. - 20. Marjorie Blood repeats and realleges Paragraphs 1 through 20 of Count VI as Paragraphs 1 through 20 of Count VII of Plaintiff's Complaint.

21. Campbell was then and there guilty of false imprisonment in that he unlawfully restrained and detained the movements of freedom of Marjorie Blood against her will.

22. As a proximate result of the conduct, Marjorie Blood suffered physical, mental and emotional injury, including fear for her life, mental anguish, and humiliation.

23. The conduct of Campbell was intentional and with utter disregard for Marjorie Blood's rights, health and well being that reaches the level of oppression, coercion and intimidation above and contrary to the dictates of common decency, and therefore the actions demonstrate malice and permit and entitle Marjorie Blood to punitive damages.

WHEREFORE, Plaintiff, MARJORIE BLOOD, prays that the court enter judgment in favor of Marjorie Blood and against Campbell, individually, in an amount far in excess of $75,000 plus cost of suit, together with such other and further relief as this Court deems just and proper.

## Count VIII - Intentional Infliction of Emotional Distress
## Papa John's and MTP

1. - 20. Marjorie Blood repeats and realleges Paragraphs 1 through 20 of Count IV as Paragraphs 1 through 20 of Count VIII of Plaintiff's Complaint.

21. MTP and Papa John's, by and through their employee and agent, Campbell, who was acting within his authority, knew that the actions identified above were an extreme violation of Marjorie Blood's rights, and that the actions would cause any reasonable person to fear for her life and that the actions would cause humiliation and embarrassment and cause emotional distress, intimidation and harassment.

22. As a proximate result of the conduct of MTP and Papa John's, by and through its employee and agent, Marjorie Blood suffered severe emotional distress, emotional pain and mental anguish including, but not limited to, nervousness, sleeplessness, depression and other physical injury for which she was required to seek counseling and cause her to incur economic hardship.

WHEREFORE, Plaintiff, MARJORIE BLOOD, prays that the court enter judgment in favor of Marjorie Blood and against MTP and Papa John's, in an amount far in excess of $75,000 plus cost of suit, together with such other and further relief as this Court deems just and proper.

## Count IX - Intentional Infliction of Emotional Distress
## Campbell

1. - 20. Marjorie Blood repeats and realleges Paragraphs 1 through 20 of Count VIII as Paragraphs 1 through 20 of Count IX of Plaintiff's Complaint.

23. Campbell knew that his actions were an extreme violation of Marjorie Blood's rights, and that the actions would cause any reasonable person to fear for her life and that said actions would cause humiliation and embarrassment and cause emotional distress, intimidation and harassment.

24. As a proximate result of the conduct, Marjorie Blood suffered severe emotional distress, emotional pain and mental anguish including, but not limited to, nervousness, sleeplessness, depression and other physical injury for which she was required to seek counseling and cause her to incur economic hardship.

WHEREFORE, Plaintiff, MARJORIE BLOOD, prays that the court enter judgment in favor of Marjorie Blood and against Campbell, individually, in an amount far in excess of $75,000 plus cost of suit, together with such other and further relief as this Court deems just and proper.

Plaintiff, Marjorie Blood
By Reno, Zahm, Folgate, Lindberg & Powell,
Her Attorneys

By _____
Craig P. Thomas

Reno, Zahm, Folgate, Lindberg
& Powell
By: Craig P. Thomas
1415 E. State Street, Suite 900
Rockford, IL 61104
(815) 987-4050

EXHIBIT A

10-30-2001 09:35 From-ILL DE MAN RIGHTS 3128146257 T-505 P.014/017 F-710

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA ☐ EEOC | 2002CF05 |

State of Illinois Department of Human Rights — State or local Agency, if any — and EEOC

**NAME:** Marjorie Blood
**HOME TELEPHONE:** 608-362-5596
**STREET ADDRESS:** 2017 Forest Street
**CITY, STATE AND ZIP CODE:** Beloit, WI 53511
**DATE OF BIRTH:** 01-28-67

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME:** MTP, Inc., d/b/a Papa John's Pizza
**NUMBER OF EMPLOYEES, MEMBERS:** 15±
**TELEPHONE:** 815-389-7272
**STREET ADDRESS:** 327 Blackhawk Blvd.
**CITY, STATE AND ZIP CODE:** South Beloit, IL 61080 — SEE ATTACHED
**COUNTY:** Winnebago

**NAME:** Kevin Campbell
**TELEPHONE NUMBER:** 608-743-0745
**STREET ADDRESS:** 220 East Centerway Street
**CITY, STATE AND ZIP CODE:** Janesville, WI 53545 — SEE ATTACHED
**COUNTY:** Rock

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☒ OTHER (Specify) sexual harassment

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST — LATEST: June 8, 2
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

On or about February 25, 2001 Complainant was hired by MTP, Inc., d/b/a Papa Johns Pizza in the position of "Group Sales and Events". During the time that Complainant was employed at Respondent, Complainant was sexually harassed by Kevin Campbell resulting in Complainant being subjected to a hostile work environment.

The sexual harassment of Complainant by Kevin Campbell included but was not limited to making sexual slurs about Complainant, threatening to follow Complainant home and "hit it" with her (referring to sexual intercourse), unwanted physical contact which escalated to pinning Complainant in the corner of her desk so she was unable to move and not allowing Complainant out of a freezer for approximately 20 minutes.

The General Manager of the South Beloit Papa Johns, Donna Peterson, was advised of the sexual harassment. Donna Peterson reported the sexual harassment to the Area Supervisor, Jeff Sarnec. Subsequent to the complaints of sexual harassment made by Complainant, Complainant was terminated from her employment in retaliation for said complaints. Kevin Campbell was promoted and made General Manager of the Janesville, Wisconsin Papa Johns owned by MTP, Inc.

HUMAN RIGHTS SWITCHBOARD AUG 1 3 2001

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

**OFFICIAL SEAL**
SUZANNE KIWAIKO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/14/05

SIGNATURE OF COMPLAINANT
DATE: 8/3/01

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (REV. 06/92)

FILE COPY

EXHIBIT B

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(Issued on request)*

| **To:** Marjorie Blood<br>2017 FOREST ST<br>BELOIT, WI 53511<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*( 29 C.F.R. 1601.7(a) )* | **From:**<br>EQUAL EMPLOYMENT OPPORTUNITY COMM.<br>Chicago District Office<br>500 W. Madison Street Suite 2800<br>Chicago, IL 60661-2511 |
|---|---|

| **Charge Number** | **EEOC Representative** | **Telephone Number** |
|---|---|---|
| 21BA13413 | Nola Smith, S&L Coord. | (312) 886-5973 |

( See the additional information attached to this form )

**NOTICE TO THE PERSON AGGRIEVED:**
**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.
☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.
☒ The EEOC is terminating its processing of this charge.
☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.
☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_____
John P. Rowe, District Director

30 October 2001
(Date)

Enclosure(s)

cc: MTP INC DBA PAPA JOHNS PIZZA / KEVIN CAMPBELL
327 BLACKHAWK BLVD                220 EAST CENTERWAY STREET
SOUTH BELOIT, IL 61080             JANESVILLE, WISCONISN 53545

EEOC FORM 161-B (Rev 01/97)                              **CHARGING PARTY COPY**

JS 44
(Rev. 12/96)

02C50029

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Marjorie Blood

**DEFENDANTS**

MTP, Incorporated, d/b/a Papa John's Pizza, Papa John's International, Inc. and Kevin Campbell

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Rock, WI
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Winnebago, IL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Craig P. Thomas and Jan H. Ohlander
Reno Zahm Law Firm
1415 E. State St., Ste. 900
Rockford, IL 61104

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Sex discrimination and sexual harassment pursuant to 42 U.S.C. § 2000(e), et. seq.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23  **DEMAND $** In excess of $75,000  CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 1/25/02   SIGNATURE OF ATTORNEY OF RECORD

DOCKETED JAN 2 8 2002

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

FILED-WD
2002 JAN 25 PM 3:45
U.S. DISTRICT COURT

**In the Matter of**

Marjorie Blood
   vs.
MTP, Incorporated, d/b/a Papa John's Pizza,
Papa John's International, Inc. and Kevin Campbell

Case Number: 02C50029

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

Marjorie Blood

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Ian H. Ohlander | NAME: Craig P. Thomas |
| FIRM: Reno Zahm Law Firm | FIRM: Reno Zahm Law Firm |
| STREET ADDRESS: 1415 E. State St., Ste. 900 | STREET ADDRESS: 1415 E. State St., Ste. 900 |
| CITY/STATE/ZIP: Rockford, IL 61104 | CITY/STATE/ZIP: Rockford, IL 61104 |
| TELEPHONE NUMBER: (815) 987-4050 | TELEPHONE NUMBER: (815) 987-4050 |
| IDENTIFICATION NUMBER: 03124934 | IDENTIFICATION NUMBER: 06202015 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [X] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [X] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

DOCKETED JAN 28 2002

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.