# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50029 | **DATE** | 1/13/2003 |
| **CASE TITLE** | Blood vs. MTP, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Papa John's International's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, Papa John's International's motion for summary judgment is granted. Papa John's International is dismissed as a defendant.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN 1 4 2002 | 30 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1-14-03 | |
| /LC | courtroom deputy's initials | 03 JAN 14 PM 3:39 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Marjorie Blood, has filed a nine-count complaint against defendants, MTP, Inc. d/b/a Papa John's Pizza ("MTP"), Papa John's International, Inc. ("PJI"), and Kevin Campbell. She alleges various claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and common law tort claims. Jurisdiction and venue are proper based on 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1367. Before the court is PJI's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

As one of PJI's franchisees, MTP operates a Papa John's Pizza restaurant in South Beloit, Illinois. Before her termination on June 8, 2001, Blood worked at the South Beloit restaurant as a "special events and group sales coordinator." While there, she alleges she was subjected to sexual harassment and a hostile work environment, retaliated against for complaining about the harassment, and ultimately terminated because of her sex, all in violation of Title VII. She seeks to hold both MTP and PJI liable on all of her Title VII claims (Counts I - III), as well as her supplemental claims for assault and battery (Count IV), false imprisonment (Count VI), and intentional infliction of emotional distress (Count VIII). In its motion for summary judgment, PJI seeks to dismiss itself from this law suit on the basis that it is neither Blood's "employer" for Title VII purposes nor an agent of MTP or MTP's employees so as to be vicariously liable for the allegedly tortious conduct.

All of Blood's attempts to hold PJI liable under Title VII are without merit. First, she argues both she and Donna Peterson, the manager at the South Beloit restaurant, "considered themselves" to be employed by PJI. How Blood's or Peterson's personal beliefs prove the existence of an employment relationship with PJI is beyond the court. Second, Blood confusingly cites Duldulao v. Saint Mary of Nazareth Hospital Center, 505 N.E.2d 314 (Ill. 1987), for the proposition that a "Team Member Handbook" PJI provided to MTP created an employment relationship between PJI and Blood. Duldulao, however, has nothing to do with deciding if the plaintiff and defendant have an employment relationship in the first place; it assumes they do and instead discusses whether an employee handbook can overcome the presumption of at-will employment by creating a contractual right to continued employment or pre-termination disciplinary procedures. See id. at 316-19. Duldulao is thus simply irrelevant in determining whether PJI is an "employer" under Title VII. And even if the court were to consider the handbook for this purpose, the January 2001 version of the handbook (Blood was hired in February 2001) specifically says in part, "You are not an employee of [PJI], but of the independent company which owns the restaurant where you work." (Def. Exh. A-2, p. 2) Apart from this clear disclaimer, Blood's idea that boilerplate and prefatory pleasantries in the handbook, like "We hope you enjoy working for Papa John's and have a long and successful career with our Franchise Family" and "We need and welcome you to the Papa John's Franchise Family" and "You are a team member in the nation's fastest-growing pizza company," constitute an offer of employment by PJI has so many fallacies the court would not know where to begin. In addition, it is undisputed that PJI had no knowledge of or involvement in the hiring, disciplining, or termination of Blood and did not pay any of the wages or provide health insurance, pension, or other benefits to the employees at the South Beloit restaurant. (LR 56.1(a) ¶¶ 24, 36) Blood claims in her affidavit she "was told" MTP had to obtain permission from PJI to create her "Special Events and Group Sales Coordinator" position, but this completely lacks any support in the record. Blood does not say who told her this and her assertion is flatly contradicted by MTP's president himself. (LR 56.1(b) Def. Resp. ¶ 57) In short, there is no indication of any employment relationship between PJI and Blood directly.

Alternatively, Blood seems to argue PJI and MTP are affiliated corporations under Papa v. Kay Industries, Inc., 166 F.3d 937 (7th Cir.), cert. denied, 528 U.S. 1019 (1999) – although she does go off on an unrelated tangent by discussing agency principles under the Ellerth-Faragher affirmative defense. Reading her brief generously, Blood appears to suggest that, by virtue of the Team Member Handbook, PJI established MTP's "employment policies and procedures" and, therefore, "directed the discriminatory act, practice, or policy of which" she is complaining. Papa, 166 F.3d at 941. In the court's opinion, this is a non sequitor because Blood is not complaining about any of the policies contained in the handbook but about being sexually harassed, retaliated against, and terminated by certain individuals at the South Beloit restaurant. And it is undisputed PJI had absolutely no involvement in these events. (LR 56.1(a) ¶ 37)

Finally, Blood makes the argument that PJI can be liable under the "integrated enterprise" test, despite recognizing that Papa abrogated this test in Title VII cases. See Worth v. Tyer, 276 F.3d 249, 260 (7th Cir. 2001). The court cannot understand how Blood's counsel can suggest this test "should be applied in this case" and argue its merits for four and a half pages when he knows it is no longer good law in the Seventh Circuit.

Blood's argument that PJI is vicariously liable for the torts of MTP or MTP's employees under the apparent agency doctrine is equally unconvincing. Her theory is that PJI "created the appearance that MTP was its agent through the Team Member Handbook." Again, the handbook itself easily dispels such a notion. Apart from the language quoted above stating that team members are not employees of PJI but of the independent company which owns the restaurant where they work, the handbook also says that the "franchisee is an independent business person who owns the restaurant where you work." In the face of these clear warnings, Blood could not have reasonably concluded MTP was an agent of PJI simply because PJI provided the handbook to its franchisees. Nor, even assuming there was an apparent agency, is there any evidence that Blood's injuries – the torts allegedly committed against her – would have occurred "but for" her "justifiable reliance on the apparent agency." O'Banner v. McDonald's Corp., 670 N.E.2d 632, 634 (Ill. 1996). In fact, there is no evidence that Blood relied on the supposed apparent agency at all – i.e., that she worked at the South Beloit restaurant because she believed she was working for PJI and not some independent franchisee.

For the reasons stated above, PJI's motion for summary judgment is granted and it is hereby dismissed as a defendant.